IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CV-55-F

| | |
|---|---|
| DEXTER KEITH LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER AND** |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| SPENCER LEWIS, GMAC | ) |
| INSURANCE, GLADYS PAYNE, | ) |
| JASON HILL, and BRANDI DAVIS, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Dexter Keith Lee ("Plaintiff") is unemployed and has income of only $254.00 per month in the form of public assistance. Accordingly, he has demonstrated appropriate evidence of inability to pay the required court costs and his application to proceed *in forma pauperis* is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff filed this suit on October 19, 2010 against Spencer Lewis, GMAC Insurance, Gladys Payne, Jason Hill, and Brandi Davis (collectively "Defendants"). In his Complaint [DE-1-1], Plaintiff describes the following facts: On August 4, 2010, Plaintiff was at a friend's home

in Woodland, North Carolina, when Defendants Hill and Davis approached and asked to speak to Plaintiff's friend. Compl. at 4. An altercation ensued, and Defendants Hill and Davis were told to leave the property. *Id.* They complied, but returned shortly thereafter, at which time a second altercation ensued in the vicinity of the vehicle Defendants Hill and Davis were driving. *Id.* As the result of Plaintiff's attempts to assist in resolving the situation, his right wrist and arm were shut in the door of the vehicle, which Defendants Hill and Davis proceeded to drive off. *Id.* at 5. Plaintiff was dragged some distance and sustained injuries which required treatment at an area hospital. *Id.* According to Plaintiff, Defendants Hill and Davis ultimately turned themselves in and as a result, were convicted of assault and trespass in state court on September 2, 2010. *Id.* at 2-3, 5.

Plaintiff appears to believe that he has been the victim of a racially motivated hate crime perpetrated by Defendants Hill and Davis.[1] *Id.* at 3-4. To that end, in his complaint, he alleges causes of action for "violation of civil rights" and violation of the Matthew Shepard Act. *Id.* at 1. Similarly, he asserts that Defendant Payne, the owner of the vehicle, failed to report the incident to police in a racially motivated attempt to cover up the actions of Defendants Hill and Davis. *Id.* at 3.

In addition, Plaintiff alleges that Defendant Payne failed to report the incident to her insurance provider, Defendant GMAC, and that Defendant GMAC, acting through its claim adjustor, Defendant Lewis, intentionally failed to properly investigate Plaintiff's claim. *Id.* at 7-8. According to Plaintiff, Defendant GMAC agreed to pay only $1,000 in medical expenses, though Plaintiff claims past medical expense in excess of $7,000 and continues to incur further expenses. *Id.* at 6. Plaintiff appears to believe that, because Defendants Hill and Davis were

---

[1] It appears that Plaintiff is African-American, while Defendants Hill and Davis are Caucasian. *See* Compl. at 6.

2

found guilty of criminal charges relating to the incident, that Defendants GMAC and Lewis had no choice but to accept his claim for damages. *Id.* at 8-9.

As a result of the foregoing allegations, Plaintiff seeks monetary relief in the form of "$150,000 for compensatory damages" and "punitive damages in the sum in excess of $150,000." *Id.* at 10. In addition, Plaintiff requests that the court enter an order "declaring that the defendants have violated plaintiff [sic] civil Rights, because of plaintiff [sic] skin color." *Id.*

After careful review of Plaintiff's complaint, and giving due consideration to Plaintiff's *pro se* status, the undersigned concludes that Plaintiff has failed to state any claim on which relief can be granted in federal court. In order for Plaintiff's claim to be heard by this Court, he must assert either a federal question pursuant to 28 U.S.C. § 1331, or a claim that satisfies diversity jurisdiction pursuant to 28 U.S.C. § 1332. Here, in his complaint, Plaintiff states that both he and all Defendants are residents of North Carolina; therefore, diversity jurisdiction is clearly inappropriate. *Id.* at 1-3. Rather, it appears that Plaintiff is attempting to assert claims based on federal question jurisdiction, by claiming "violation of civil rights" and violation of the Matthew Shepard Act relating to his having been a victim of a racially motivated hate crime. *Id.* at 1. Though the Court makes no judgment as to the correctness of Plaintiff's assessment that he has been the victim of a racially motivated hate crime, unfortunately, even if true, this would not give rise to any civil cause of action cognizable under federal law.

The Matthew Shepard Act, passed in 2009, was a modification to 18 U.S.C. § 245, a 1969 federal hate crime law. 18 U.S.C. § 249. However, the Act continues to provide only criminal penalties for federal hate crimes, and does not provide for any civil cause of action that may be raised by private individuals. *Id.* In addition, to the extent that Plaintiff's claim of "violation of civil rights" attempts to assert a claim under 42 U.S.C. § 1983, Plaintiff has not

3

Case 2:10-cv-00055-F   Document 3   Filed 10/28/10   Page 3 of 5

alleged any facts to support any inference that any of the named Defendants are state actors, and the Court finds no independent basis for any such inference. Finally, though Plaintiff does not appear to assert any causes of action for tort or breach of contract against Defendant Payne or Defendants GMAC Insurance and Lewis, the Court notes that to the extent he has claims against any of them, they would be grounded in state law. Since, as previously stated, diversity jurisdiction is inappropriate in this case, this Court has no authority to hear such claims.

Based on the allegations made in the complaint, the Court finds no basis for Plaintiff's claims against the named defendants. While Plaintiff generally describes an unfortunate series of events, the Court finds that Plaintiff has failed to state any claim that forms the basis for a civil action in federal court. Plaintiff has alleged violation of no laws giving rise to federal question jurisdiction. To the extent that Plaintiff alleges facts that would support any civil cause of action, they would be grounded in state law, and Plaintiff has failed to meet the requirements for filing a federal suit in diversity. As such, the undersigned **RECOMMENDS** that the case be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, the Court **RECOMMENDS** that the complaint be **DISMISSED** on frivolity review for failure to state a claim on which relief may be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds

4

Case 2:10-cv-00055-F Document 3 Filed 10/28/10 Page 4 of 5

of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 28th day of October, 2010.

DAVID W. DANIEL
United States Magistrate Judge