IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CV-55-F

| | | |
|---|---|---|
| DEXTER KEITH LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| SPENCER LEWIS, GMAC INSURANCE, | ) | |
| GLADYS PAYNE, JASON HILL, and | ) | |
| BRANDI DAVIS, | ) | |
| Defendants. | ) | |

This matter is before the court for consideration of the Memorandum and Recommendation ("M&R")[DE-4] filed by United States Magistrate Judge David W. Daniel concerning the frivolity review of the *pro se* Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Therein, Judge Daniel recommended that Plaintiff's Complaint be dismissed on frivolity review for failure to state a claim on which relief may be granted in federal court. Plaintiff filed an objection to Judge Daniel's M&R and also seeks leave to file an Amended Complaint [DE-5]. For the reasons stated below, the court overrules Plaintiff's objection and orders that the complaint be dismissed.

## I. ANALYSIS

A district court may "designate a magistrate judge to submit ... proposed findings of fact and recommendations for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." *Id.*

In this case, Plaintiff objects to Judge Daniel's conclusion that the court lacks subject matter jurisdiction over Plaintiff's claims. Subject matter jurisdiction in federal court may be based upon either a federal question or a diversity of citizenship. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs or interest, and is between citizens of different States . . . ."). To establish "diversity" jurisdiction in a case involving multiple plaintiffs and multiple defendants, "complete diversity" is required. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). In other words, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the court of original jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Here, as Judge Daniel observed, Plaintiff alleges that many–if not all–of the defendants are residents of North Carolina, as is Plaintiff himself. Accordingly, the court does not have subject matter jurisdiction on the basis of diversity jurisdiction.

Moreover, Plaintiff has failed to establish federal question jurisdiction. In the Complaint, he does allege causes of action for "violation of civil rights" and violation of the Matthew Shepard Act. Judge Daniel, however, correctly observed that the Matthew Shepard Act was a modification to 18 U.S.C. § 245, which is a federal hate crime law that does not provide for any civil cause of action. Nor do Plaintiff's allegations that his civil rights have been violated suffice to state a claim under any of the applicable civil rights statutes.

2

Consequently, Plaintiff has failed to establish that this court has subject matter jurisdiction over his claims. The allegations in Plaintiff's proposed Amended Complaint do not change the analysis.

## II. CONCLUSION

Accordingly, the M&R is accepted, and the case is DISMISSED. Plaintiff's motion for leave to file the Amended Complaint is DENIED.

SO ORDERED.

This the 7th day of December, 2010.

James C. Fox
Senior United States District Judge

3

Case 2:10-cv-00055-F   Document 6   Filed 12/08/10   Page 3 of 3